# LOVELL STEWART HALEBIAN LLP

### ATTORNEYS AT LAW
### 500 FIFTH AVENUE
### NEW YORK, NEW YORK 10110
www.lshllp.com

TELEPHONE
(212) 608-1900

FACSIMILE
(212) 719-4677

March 10, 2006

NIGHT BOX
FILED *Rec'd*

MAR 1 0 2006

CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

Via Federal Express

Clarence Maddox
Clerk of Court
United States District Court
Southern District of Florida
301 North Miami Avenue
Miami, FL 33128

Re:     *In re Air Freight Cargo Antitrust Litigation, MDL _____.*

Dear Mr. Maddox:

Enclosed for filing please find a copy of the following documents: (1) (Corrected) Motion by Plaintiff Sisimizi, Ltd. for Transfer and Coordination or Consolidation Pursuant to 28 U.S.C. § 1407 and (2) (Corrected) Memorandum of Sisimizi, Ltd. in Support of its Motion for Transfer and Coordination or Consolidation Pursuant to 28 U.S.C. § 1407.

Please file the foregoing in the following case:
1) 1:06-cv-20553

Respectfully submitted,

Dennis Kim

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

-----------------------------------------------------X

IN RE:                                      :

AIR FREIGHT CARGO                           :            MDL DOCKET NO. _____
ANTITRUST LITIGATION

                                            :

-----------------------------------------------------X

**(CORRECTED) MOTION BY PLAINTIFF SISIMIZI, LTD. FOR TRANSFER AND
COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

By its undersigned counsel, plaintiff in Sisimizi, Ltd. v. Air France-KLM, British Airways,

Asiana Airlines, Inc., Nippon Cargo Airlines, Japan Airlines International Company, Ltd., Cathay

Pacific Airways Ltd., Deutsche Lufthansa AG, Scandinavian Airline Systems, United Airlines, UAL

Corp., Cargolux, Lan Airlines SA, Polar Air Cargo, Atlas Air Worldwide Holdings, Inc., Korean

Airlines Co., and Singapore Airlines, 06 C 1107 (hereinafter referred to as the "Sisimizi" action),

pending in the United States District Court for the Northern District of Illinois, and assigned to the

Hon. James F. Holderman, moves on its own behalf, and on behalf of the class it seeks to represent,

to transfer and coordinate or consolidate these proceedings, In re: Air Freight Cargo Antitrust

Litigation, MDL No. _____, to promote the just and efficient conduct of all federal actions under

the comprehensive jurisdiction of a single court.

Movant specifically requests that the Panel transfer the actions to the United States District Court for the Northern District of Illinois, and to the Hon. James F. Holderman, who is presiding over the <u>Sisimizi</u> action.    In support of this Motion, movant states as follows:

1.      This motion involves at least 10 actions, in addition to movant's own action, which are currently known to movant. A list of those actions is set forth in Exhibit "A," submitted pursuant to Rule 7.2(a)(ii) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, and which is affixed to the (Corrected) Memorandum of Sisimizi, Ltd. In Support of its Motion for Transfer And Coordination or Consolidation Pursuant to 28 U.S.C. § 1407.

2.      Those federal actions include cases filed in federal courts in the District of Columbia, Southern District of Florida, the Northern District of Illinois, and the Eastern District of New York.

3.      Each of these actions was filed on behalf of purchasers of air cargo shipping services.

4.      Defendant United Airlines, which is headquartered in the Northern District of Illinois, appears to be the only major domestic air carrier defendant in the actions listed in Exhibit "A" which has been sued in the district in which it is headquartered – namely, the Northern District of Illinois.

5.      Each of the actions alleges a contract, combination, or conspiracy among United Airlines and other defendants in violation of the antitrust laws.

6.      Common issues of fact and law asserted in the actions include:

2

(A)  whether defendants are liable under the Sherman Act;

(B)  whether defendants combined or conspired to fix, raise, maintain, and stabilize the price of surcharges related to, among other things, fuel, security, and insurance assessed to their air cargo shipping service customers.

(C)  whether the defendants charged supracompetitive prices as a result of their alleged unlawful contract, combination, or conspiracy; and

(D)  whether plaintiffs sustained damages as a result of defendants' alleged unfair and unlawful conduct.

7.  Discovery will be substantially the same in each action, involving the same operative facts, documents and witnesses.

Dated: New York, New York
       March 9, 2006

Respectfully submitted,

By: _____
     Christopher Lovell
     Gary Jacobson
     Merrick Scott Rayle
     Craig Essenmacher
     Ryan E. Long
     Imtiaz A. Siddiqui
     **LOVELL STEWART HALEBIAN LLP**
     500 Fifth Avenue
     New York, New York 10110
     (212) 608-1900

     *Attorneys for Plaintiff Sisimizi, Ltd.*

3

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

-----------------------------------------------------X

IN RE:                                                    :

AIR FREIGHT CARGO                                         :          MDL DOCKET NO. _____
ANTITRUST LITIGATION

                                                          :

-----------------------------------------------------X

### (CORRECTED) MEMORANDUM OF SISIMIZI, LTD. IN SUPPORT OF ITS MOTION FOR TRANSFER  AND COORDINATION OR CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407

**I.      Preliminary Statement.**

Plaintiff Sisimizi, Ltd., by its undersigned attorneys, respectfully submits this

memorandum of law in support of its motion for pretrial coordination or consolidation under 28

U.S.C. § 1407.

This Panel has the statutory authority to transfer civil actions to a single district for

coordinated pretrial proceedings whenever "civil actions involving one or more common

questions of fact are pending in different districts," so long as the Panel determines that the

transfer of the actions will serve "the convenience of parties and witnesses" and "promote the

just and efficient conduct" of the actions.  28 U.S.C. § 1407(a).

Here, there is no real dispute that these standards are readily met because each of the actions listed on Exhibit "A" hereto involve common questions of fact and law, including, but not limited to, whether the Defendants violated the Sherman Act; whether Defendants combined or conspired to fix, raise, maintain, and stabilize the price of surcharges related to, among other things, fuel, security, and insurance assessed to their air cargo shipping service customers; whether the Defendants charged supracompetitive prices as a result of their alleged unlawful contract, combination, or conspiracy; and whether plaintiff sustained damages as a result of Defendants' alleged unfair and unlawful conduct.

Rather, the issue is where the actions should be transferred. As demonstrated below, the Northern District of Illinois is the proper forum.

**II.    Background and facts.**

All of the actions that are the subject of this motion involve antitrust claims against Air France-KLM, British Airways, Asiana Airlines, Inc., Nippon Cargo Airlines, Japan Airlines International Company, Ltd., Cathay Pacific Airways Ltd., Deutsche Lufthansa AG, Scandinavian Airline Systems, United Airlines, UAL Corp., Cargolux, Lan Airlines SA, Polar Air Cargo, Atlas Air Worldwide Holdings, Inc., Korean Airlines Co., and Singapore Airlines, in addition to other defendants, relating to their alleged contract, combination, or conspiracy, which began as early as January 1, 2000, and continues into the present, to fix, raise, maintain and stabilize the price of surcharges relating to, among other things, fuel, security, and insurance assessed to their air cargo and shipping services customers. See Sisimizi, Ltd., v. Air France-KLM, et al., Class Action Complaint (hereinafter "Compl."), ¶¶32 - 33.

The Defendants had a collective interest to fix the prices of the surcharges they assess to

their customers in order to maximize their profit by depriving free and open competition in the air cargo industry. Compl. at ¶34. The Defendants are able to check if another airline carrier is adhering to their agreement by accessing the company's website to determine what that carrier is assessing to its customers as a surcharge for, among other things, fuel, added security, and war-risk insurance. Id. at ¶35.

As a consequence, on February 14, 2006, European and United States antitrust authorities conducted raids on Defendants' offices throughout the United States and the world. Id. at ¶36.

In connection with these raids, the European Commission stated that "[t]he Commission has reason to believe that the companies concerned may have violated (a European Union) treaty, which prohibits practices such as price fixing." Id.

The United States Department of Justice also confirmed that "it was investigating the possibility of anti-competitive practices in the air cargo industry," and that such searches were carried out in New York, New York; Chicago, Illinois; Miami, Florida; Boca Raton, Florida; and San Francisco and Long Beach, California. Id. at ¶37.

On February 14 and 15, 2006, Defendants SAS, BA, Air France, Cargolux, Lufthansa and United confirmed that their offices had been raided as part of this joint European Commission-U.S. Department of Justice antitrust investigation. Id. at ¶38. Defendants Korean Airlines, Asiana, Cathay, LAN, Polar Air (a unit of Atlas Worldwide Holdings, Inc.), JAL, and Nippon also confirmed that their offices had been raided by antitrust officials as part of the joint investigation by the European Commission-U.S. Department of Justice antitrust investigation.

<u>Id.</u> at ¶¶39 - 40.[1]

Shortly after these announcements, the Sisimizi complaint was filed on February 28, 2006

in the Northern District of Illinois.

## III.   Argument.

A.   <u>The Factors That The Panel Considers In Deciding Where To Transfer An Action.</u>

In deciding where to transfer related actions, the Panel has articulated various factors,

including: (1) where the most actions are pending, (2) the preferences of the parties, (3) the

convenience of the parties and witnesses, (4) the location of relevant documents, and (5) the

progress of the lawsuit.  <u>See, e.g., In re New Mexico Natural Gas Antitrust Litigation</u>, 482 F.

Supp. 333, 337 (J.P.M.L. 1979) (transferring cases to forum where two of three suits were

pending and where many witnesses and documents were likely to be found).

Moreover, the Panel may consider the ability, experience and skill of available judges in

the particular matter at hand when considering transfer.  <u>See</u> Manual for Complex Litigation,

Fourth, §20.132, p. 221 (2004).

B.   <u>The Factors Weigh In Favor Of Transferring The Cases To The Northern District
Of Illinois.</u>

1.   *The location of relevant documents and witnesses lies in the Northern
District because defendant United Airlines is headquartered there.*

Of the fifteen (15) filed cases of which the movant is aware, six (6) are pending in the

Eastern District of New York, seven (7) are pending in the District of Columbia, one (1) is

---

[1]      On March 8, 2006, Defendant Deutsche Lufthansa AG offered to cooperate with federal prosecutors in connection with their investigation of the other defendants.  See "Lufthansa Offers to Cooperate in Antitrust Probe," Wall Street Journal, March 8, 2006, attached hereto as Exhibit "B".

pending in the Northern District of Illinois, and one (1) is pending in the Southern District of Florida.

Of the major domestic airline defendants, only United Airlines is headquartered in a district where an action is pending – the Northern District of Illinois.[2]  Unlike United Airlines, the remaining large domestic defendants, such as American Airlines, are headquartered in districts where no case has yet been filed.

Moreover, while one case has been filed in the Southern District of Florida,[3] which is located in Miami, Florida, many of the defendants named in the cases listed on Exhibit "A" either have no flight service to Miami, or do not have offices there.[4]

That is not the case with the Northern District of Illinois.   All of the Defendants named in the Sisimizi action have either an office or fly into Chicago's O'Hare Airport.

Therefore, relevant documents and witnesses will most likely be found  in the Northern District of Illinois.

---

[2]     The other major domestic defendants are American Airlines, Atlas Air Worldwide Holdings, Inc, which is the parent of Defendant Atlas Air, United Parcel Service, and United Parcel Service Air Cargo.  See Class Action Complaint, Animal Land, Inc. v. Air Canada, et al., 06-CV-725 (E.D.N.Y), ¶¶13 - 16 (stating that American Airlines is headquartered in Fort Worth, Texas (Southern District of Texas), and that Atlas Air is headquartered in Purchase, New York (Northern District of New York); see also Class Action Complaint, Topp, Inc. v. Ace Aviation, et. al., 1:06-CV-00396 (D.D.C.), ¶¶46 - 47 (stating that United Parcel Service is headquartered in Atlanta, Georgia (Northern District of Georgia), and that United Parcel Service Air Cargo is headquartered in Louisville, Kentucky (District of Kentucky)).

[3]     Lionheart Group, Inc. v. Ace Aviation Holdings, Inc., et al., 06-20553 (S.D. Fla.).

[4]     For example, Defendants Air France and SAS have neither offices or air service to Miami, Florida.

2.    *Moreover, the Northern District of Illinois is centrally located and easily accessible from any point in the country.*

An additional consideration favoring the Northern District of Illinois is the fact that, unlike the Eastern District of New York, the District of Columbia, and the Southern District of Florida, which are the other districts in which related cases have been filed, the Northern District of Illinois is centrally located and easily accessible from any point in the country.

This geographical centrality of the Northern District of Illinois weighs in its favor. See, e.g., In re Rio Hair Naturalizer Products Liability Litigation, 904 F. Supp. 1407, 1408 (J.P.M.L. 1995).

3.    *Finally, the Northern District of Illinois in general, and the Seventh Circuit Court of Appeals in particular, has significant MDL and complex antitrust litigation experience.*

Unlike the competing districts and the circuits in which they are found, the Northern District of Illinois, and the Seventh Circuit Court of Appeals, form the pillars upon which much recent antitrust jurisprudence and scholarship has been based, due, in part, to the presence of Judges Richard A. Posner and Frank Easterbrook, among others, on the Seventh Circuit Court of Appeals.

This factor weighs in the Northern District of Illinois' favor. Cf. See Manual for Complex Litigation, Fourth, §2.132, p. 221 (2004).

IV.   **Conclusion.**

For the foregoing reasons and authorities, the plaintiffs in the <u>Sisimizi</u> action requests that

the actions listed on Exhibit "A" be transferred to the Northern District of Illinois.

Dated: New York, New York
March 9, 2006

Respectfully submitted,

By:

Christopher Lovell
Gary Jacobson
Merrick Scott Rayle
Craig Essenmacher
Ryan E. Long
Imtiaz A. Siddiqui
**LOVELL STEWART HALEBIAN LLP**
500 Fifth Avenue
New York, New York 10110
(212) 608-1900

*Attorneys for Plaintiff <u>Sisimizi, Ltd</u>.*

7

# EXHIBIT A

(1)

**US District Court**
**Eastern District of New York**
**1:06-cv-00725-DLI-RML**

Assigned to: Judge Dora Lizette Irizarry
Referred to: Magistrate – Judge Robert M Levy

**Plaintiff**
Animal Land, Inc.
v.
Air Canada
Atlas Air Worldwide Holdings, Inc.
Polar Air Cargo, Inc
AMR Corp.
American Airlines, Inc.
Asiana Airlines, Inc
Air France-KLM
British Airways PLC
Cargolux Airlines International SA
Cathay Pacific Airways Limited
KLM Royal Dutch Airlines
Japan Airlines Co.
Deutsche Lufthansa AG
All Nippon Airways Co., Ltd.
Nippon Cargo Airlines Co., Ltd.
SAS AB
SAS Cargo Group A/S
Korean Air Lines Co., Ltd.
Lan Airlines S.A. *formerly known as* Lan Chile S.A.
Singapore Airlines, Ltd.
UAL Corp.
United Airlines

ATTACHMENT / EXHIBIT __A__

# EXHIBIT A

**(2)**

**US District Court**
**Eastern District of New York**
**1:06-cv-00827-DLI-RML**

Assigned to: Judge Robert M. Levy
Referred to: Magistrate – Judge Robert M. Levy

**<u>Plaintiff</u>**
Helen's Wooden Crafting Co.
v.
Air Canada
Air France-KLM
Atlas Air Worldwide Holdings, Inc.
AMR Corp.
Asiana Airlines, Inc
American Airlines, Inc.
Plc British Airways
Cargolux Airlines International SA
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Japan Airlines Co.
KLM Royal Dutch Airlines
Korean Air Lines Co., Ltd.
Lan Airlines S.A. *formerly known as* Lan Chile S.A.
Nippon Cargo Airlines Co., Ltd.
All Nippon Airways Co., Ltd.
Polar Air Cargo, Inc.
SAS AB
SAS Cargo Group A/S
Singapore Airlines, Ltd.
UAL Corp.
United Airlines

# EXHIBIT A

**(3)**

**US District Court**
**Eastern District of New York**
**1:06-cv-00830-CBA-VVP**

Assigned to: Judge Carol B. Amon
Referred to: Magistrate – Judge Viktor V. Pohorelsky

**Plaintiffs**
Rock International Transport, Inc.
v.
Air Canada
Atlas Air Worldwide Holdings, Inc.
Polar Air Cargo, Inc.
AMR Corp.
American Airlines, Inc.
Asiana Airlines, Inc.
Air France-KLM
Plc British Airways
Cargolux Airlines International SA
Cathay Pacific Airways Limited
KLM Royal Dutch Airlines
Japan Airlines Co.
Deutsche Lufthansa AG
All Nippon Airways Co., Ltd.
Nippon Cargo Airlines Co., Ltd.
Scandinavian Airline Systems AB
SAS Cargo Group A/S
Korean Air Lines Co., Ltd.
Lan Airlines S.A. *formerly known as* Lan Chile S.A.
Singapore Airlines, Ltd.
UAL Corp.
United Airlines

# EXHIBIT A

**(4)**

**US District Court**
**Eastern District of New York**
**1:06-cv-00880-CBA-VVP**

Assigned to: Judge Carol B. Amon
Referred to: Magistrate – Judge Viktor V. Pohorelsky

**Plaintiff**
ABM International, Inc.
v.
Ace Aviation Holdings, Inc.
AMR Corp.
American Airlines, Inc.
Atlas Air Worldwide Holdings, Inc.
Polar Air Cargo Inc.
Asiana Airlines, Inc.
Air France-KLM
British Airways PLC
Cargolux Airlines International SA
Cathay Pacific Airways Limited
KLM Royal Dutch Airlines
Japan Airlines Company, Ltd.,
Deutsche Lufthansa AG
All Nippon Airways Co., Ltd.
Nippon Cargo Airlines Co., Ltd.
SAS AB
SAS Cargo Group A/S
Korean Air Lines Co., Ltd.
Lan Airlines S.A. *formerly known as* A Lan Chile S.A.
Singapore Airlines, Ltd.
UAL Corp.
United Air Lines, Inc

# EXHIBIT A

**(5)**

**US District Court**
**Eastern District of New York**
**1:06-cv-00980-CBA-VVP**

Assigned to: Judge Carol B. Amon
Referred to: Magistrate – Judge Viktor V. Pohorelsky

**Plaintiff**
Mamlaka Video
v.
Air Canada
Atlas Air Worldwide Holdings, Inc.
Polar Air Cargo, Inc.
AMR Corp.,
American Airlines, Inc.
Asiana Airlines, Inc
Air France-KLM
British Airways PLC
Cargolux Airlines International SA
Cathay Pacific Airways Limited
KLM Royal Dutch Airlines
Japan Airlines Co.
Deutsche Lufthansa AG
All Nippon Airways Co., Ltd.
Nippon Cargo Airlines Co., Ltd.
SAS AB
SAS Cargo Group A/S
Korean Air Lines Co., Ltd.
Lan Airlines S.A. *formerly known as* Lan Chile S.A.
Singapore Airlines, Ltd.
UAL Corp.
United Airlines

## EXHIBIT A

**(6)**

**US District Court**
**Eastern District of New York**
**1:06-cv-00982-CBA-VVP**

Assigned to: Judge Carol B. Amon
Referred to: Magistrate – Judge Viktor V. Pohorelsky

**Plaintiff**
ACS Associates USA, Inc.
v.
Ace Aviation Holdings, Inc.
Air Canada
AC Cargo LP
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines, Inc
British Airways PLC
Cargolux Airlines International SA
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company Ltd.
orean Airlines Company Ltd.
Lan Airlines S.A.
Lan Cargo S.A.
Atlas Air Worldwide Holdings, Inc.
Nippon Cargo Airlines Co., Ltd.
Polar Air Cargo, Inc.
SAS AB *doing business as* SAS Group
SAS Cargo Group A/S
Singapore Airlines, Limited
Singapore Airlines Cargo PTE Ltd.
Swiss International Airlines Ltd.
UAL Corporation
United Airlines Inc.
Virgin Atlantic Airways Limited
International Air Transport Association
John Does I-X

# EXHIBIT A

**(7)**

**US District Court**
**District of Columbia (Washington, DC)**
**1:06-cv-00396-HHK**

Assigned to: Judge Henry H. Kennedy

**Plaintiff**
Topp, Inc.
v.
Ace Aviation Holdings, Inc.
Air Canada
AC Cargo LP
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines Inc.
British Airways PLC
Cargolux Airlines International S.A.
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company LTD.
Korean Air Lines Co., Ltd.
LAN Airlines S.A.
LAN Cargo S.A.
Atlas Air Worldwide Holdings, Inc.
Nippon Cargo Airlines Co., LTD.
Polar Air Cargo, Inc.
SAS AB *doing business as* SAS Grou[
SAS Cargo Group A/S
Singapore Airlines, Limited
Singapore Airlines Cargo PTE Limited
Swiss International Air Lines LTD.
UAL Corporation
United Airlines Inc.
United Airlines Cargo Inc.
United Parcel Service of America Inc.
UPS Air Cargo

**EXHIBIT A**

Virgin Atlantic Airways Limited
International Air Transport Association
John Does I-X

# EXHIBIT A

**(8)**

## US District Court
### District of Columbia (Washington, DC)
### 1:06-cv-00375-HHK

Assigned to: Judge Henry H. Kennedy

**Plaintiff**
Americana Flower Brokers
v.
Ace Aviation Holdings, Inc.
Air Canada
AC Cargo LP
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines Inc.
British Airways PLC
Cargolux Airlines International S.A.
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company LTD.
Korean Air Lines Co., Ltd.
LAN Airlines S.A.
LAN Cargo S.A.
Atlas Air Worldwide Holdings, Inc.
Nippon Cargo Airlines Co., LTD.
Polar Air Cargo, Inc.
SAS AB *doing business as* SAS Grou[
SAS Cargo Group A/S
Singapore Airlines, Limited
Singapore Airlines Cargo PTE Limited
Swiss International Air Lines LTD.
UAL Corporation
United Airlines Inc.
United Airlines Cargo Inc.
Virgin Atlantic Airways Limited
International Air Transport Association
John Does I-X

# EXHIBIT A

**(9)**

## US District Court
## District of Columbia (Washington, DC)
## 1:06-cv-00352-HHK

Assigned to: Judge Henry H. Kennedy

**<u>Plaintiff</u>**
Richard Smith
v.
Ace Aviation Holdings, Inc.
Air Canada
AC Cargo LP
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines Inc.
British Airways PLC
Cargolux Airlines International S.A.
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company LTD.
Korean Air Lines Co., Ltd.
LAN Airlines S.A.
LAN Cargo S.A.
Atlas Air Worldwide Holdings, Inc.
Nippon Cargo Airlines Co., LTD.
Polar Air Cargo, Inc.
SAS AB *doing business as* SAS Grou[
SAS Cargo Group A/S
Singapore Airlines, Limited
Singapore Airlines Cargo PTE Limited
Swiss International Air Lines LTD.
UAL Corporation
United Airlines Inc.
United Airlines Cargo Inc.
Virgin Atlantic Airways Limited
International Air Transport Association
John Does I-X

## EXHIBIT A

**(10)**

### US District Court
### District of Columbia (Washington, DC)
### 1:06-cv-00374-HHK

Assigned to: Judge Henry H. Kennedy

**Plaintiff**
International Sea & air Shipping Corporation
v.
Ace Aviation Holdings, Inc.
Air Canada
AC Cargo LP
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines Inc.
British Airways PLC
Cargolux Airlines International S.A.
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company LTD.
Korean Air Lines Co., Ltd.
LAN Airlines S.A.
LAN Cargo S.A.
Atlas Air Worldwide Holdings, Inc.
Nippon Cargo Airlines Co., LTD.
Polar Air Cargo, Inc.
SAS AB *doing business as* SAS Group
SAS Cargo Group A/S
Singapore Airlines, Limited
Singapore Airlines Cargo PTE Limited
Swiss International Air Lines LTD.
UAL Corporation
United Airlines Inc.
United Airlines Cargo Inc.
Virgin Atlantic Airways Limited
International Air Transport Association
John Does I-X

# EXHIBIT A

**(11)**

US District Court
District of Columbia (Washington, DC)
1:06-cv-00333-HHK

Assigned to: Judge Henry H. Kennedy

**Plaintiff**
Superior Jewelry Company
v.
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines Inc.
British Airways PLC
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company LTD.
Korean Air Lines Co., Ltd.
SAS AB doing business as SAS Grou[
SAS Cargo Group A/S
UAL Corporation
United Airlines Inc.
United Airlines Cargo Inc.
International Air Transport Association
John Does 1-X

# EXHIBIT A

**(12)**

**US District Court**
**District of Columbia (Washington, DC)**
**1:06-cv-00325-HHK**

Assigned to: Judge Henry H. Kennedy

**Plaintiff**
Niagara Frontier Distribution
v.
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines Inc.
British Airways PLC
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company LTD.
Korean Air Lines Co., Ltd.
SAS AB doing business as SAS Grou[
SAS Cargo Group A/S
UAL Corporation
United Airlines Inc.
United Airlines Cargo Inc.
International Air Transport Association
John Does I-X

**EXHIBIT A**

**(13)**

**US District Court**
**District of Columbia (Washington, DC)**
**1:06-cv-00405-HHK**

Assigned to: Judge Henry H. Kennedy

**Plaintiff**
Bacchus Technologies, LLC.
v.
ACE Aviation Holdings, Inc.
Air Canada
AC Cargo LP
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines Inc.
British Airways PLC
Cargolux Airlines International S.A.
Cathay Pacific Airways Limited
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company LTD.
Korean Air Lines Co., Ltd.
LAN Airlines S.A.
LAN Cargo S.A.
Atlas Air Worldwide Holdings, Inc.
Nippon Cargo Airlines Co., LTD.
Polar Air Cargo, Inc.
SAS AB doing business as SAS Grou[
SAS Cargo Group A/S
Singapore Airlines, Limited
Singapore Airlines Cargo PTE Limited
Swiss International Air Lines LTD.
UAL Corporation
United Airlines Inc.
United Airlines Cargo Inc.
Virgin Atlantic Airways Limited
International Air Transport Association
John Does I-X

# EXHIBIT A

**(14)**

## US District Court
## Northern District of Illinois (Chicago)
## 1:06-cv-01124-HHK

Assigned to: Honorable Joan B. Gottschall

**Plaintiff**
Blumex U.S.A., Inc.
v.
Air Canada
AMR Corp.
American Airlines
Atlas Worldwide Holdings, Inc.
Polar Air Cargo, Inc.
British Airways PLC
Cargolux Airlines International S.A.
Air France-KLM
Deutsche Lufthansa AG
Cathay Pacific Airways Limited
Korean Air Lines Co., Ltd.
Asiana Airlines, Inc.
All Nippon Airways Co.
Nippon Cargo Airlines Co, Ltd.
UAL Corp.
United Airlines, Inc.
Scandinavian Airline Systems
SAS Cargo Group A/S
Japan Airlines Corp.
LAN Airlines S.A.
John Does I-X

# EXHIBIT A

**(15)**

**US District Court**
**Southern District of Florida**
**1:06-cv-20553**

Assigned to:
Refered to: Magistrate Judge Simonton

**Plaintiff**
Lionheart Group, Inc.
V.
**Defendants**
Ace Aviation Holdings, Inc.
Air Canada
AC Cargo LP
Air France ADS
Air France-KLM Group ADS
Air France Cargo ADS
Air France-KLM Cargo ADS
Asiana Airlines, Inc.
British Airways PLC
Cargolux Airlines International SA
Cathay Pacific Airways Ltd.
Deutsche Lufthansa AG
Lufthansa Cargo AG
Japan Airlines International Company Ltd.
Korean Airlines Company Ltd
Lan Airlines S.A.
Lan Cargo S.A.
Atlas Air Worldwide Holdings, Inc.
Nippon Cargo Airlines Co., Ltd.
Polar Air Cargo, Inc.
SAS AB *does business as* SAS Group
SAS Cargo Group A/S Singapore Airlines Ltd
Singapore Airlines Cargo PTE Ltd
Swiss International Airlines Ltd.
UAL Corporation
United Airlines, Inc.
United Airlines Cargo, Inc.
Virgin Atlantic Airways Ltd.
International Air Transport Association
John Does I-X

 

**March 8, 2006**

# Lufthansa Offers To Cooperate In Antitrust Probe

### Deal Could Be Breakthrough In Price-Fixing Inquiry Of the Air-Cargo Industry

**By JOHN R. WILKE in Washington and DANIEL MICHAELS in Paris**
Staff Reporters of THE WALL STREET JOURNAL
March 8, 2006; Page A3

**DOW JONES REPRINTS**

[R] This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers, use the Order Reprints tool at the bottom of any article or visit: www.djreprints.com.

• See a sample reprint in PDF format.
• Order a reprint of this article now.

**Lufthansa** offered to cooperate with federal prosecutors investigating possible price-fixing and collusion in the global air-cargo industry, which could give Germany's largest airline immunity from criminal charges if it provides evidence against other carriers, lawyers and executives close to the case said.

Lufthansa's move could be a breakthrough in the case, which became public with Valentine's Day raids in the U.S., Europe and Asia involving many of the world's largest airlines. The investigation appears to be escalating, with a federal grand jury in Washington beginning to hear evidence, a sign that the Justice Department could seek criminal charges against participating airlines or their individual executives, the lawyers and others close to the case said.

Separately, more than a dozen private antitrust suits have been filed in the U.S. since the raids. The cases, filed on behalf of air-cargo customers, could become an expensive headache for the airlines if evidence of collusion emerges and customers can show that they were overcharged.

Many of the world's largest carriers received subpoenas or were asked to provide information in the investigation, including Lufthansa, **British Airways, Air France-KLM,** Scandinavian Airlines System, **Japan Airlines, AMR** Corp.'s American Airlines and United Airlines, a unit of UAL Corp. Most say they are responding to subpoenas or government requests for information. No individual airline has yet been identified by authorities as a target of the investigation, which is focused on whether the carriers colluded on fuel surcharges and other costs.

Some of the private suits reveal details of how the industry imposed the surcharges, which are intended to recover high fuel costs. The carriers first sought permission from U.S. regulators to impose such charges on air-cargo rates in 2000. But the request was rejected by federal regulators who said it was "fundamentally flawed and unfair to shippers." They said that the charges would remain high even if fuel costs fell and they were improperly based on spot-fuel prices, when most carriers have long-term contracts and use hedging to smooth cost spikes.

The 2000 proposal was made by members of the International Air Transport Association, a Geneva-based industry coordinating group. In a statement, IATA said that it isn't involved in

COMPLAINT / EXHIBIT 12